UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXXAS LP, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 2:14-cv-945-JRG-RSP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| HOBBY PRODUCTS INTERNATIONAL, INC. d/b/a HPI RACING, *et al.*, | § § | (LEAD CASE) |
| | § | |
| *Defendants*. | § | |
| TRAXXAS LP, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 2:15-cv-1267-JRG-RSP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| HOBBY PRODUCTS INTERNATIONAL, INC. d/b/a HPI RACING, *et al.*, | § § | (CONSOLIDATED CASE) |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF TRAXXAS LP'S RESPONSE IN OPPOSITION TO HPI'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT (DOC. NO. 118)**

Plaintiff Traxxas LP ("Traxxas") hereby responds in opposition to Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment of Infringement (Doc. No. 118) ("HPI's Motion"), respectfully showing the Court as follows.

**I.   INTRODUCTION**

Almost nine months after its previous counsel withdrew and more than three weeks after its response to Traxxas' Motion for Partial Summary Judgment of Infringement (Doc. No. 112) ("Traxxas' Motion") was due, Defendant Hobby Products International, Inc. d/b/a HPI Racing ("HPI") seeks an additional three-week extension of time to respond to Traxxas' Motion. HPI's

Motion offers virtually no support and, thus, falls far short of establishing that its neglect was excusable. The motion should, respectfully, be denied.

## II. PROCEDURAL HISTORY

More than nine months have passed since the Court allowed HPI's previous counsel to withdraw on October 25, 2016. On February 2, 2017, Traxxas moved for a new schedule and trial date. Doc. No. 109. On February 6, 2017, the Court declined this request but invited Traxxas to file a motion for summary judgment if appropriate.[1] Doc. No. 110. However, the Court did not explicitly admonish HPI that it is required to obtain counsel or order it to do so. *Id.*

On May 19, 2017, after discovering authority suggesting that, before summary judgment is granted, corporate parties must be explicitly admonished or ordered to obtain counsel, Traxxas moved for an order directing HPI to retain counsel within 21 days. Doc. No. 111. The Court granted that motion on June 13, 2017, such that the deadline for HPI to retain counsel was July 5, 2017. Doc. No. 113.

In the meantime, Traxxas filed its motion for partial summary judgment of infringement on June 9, 2017, such that (subject to the order directing HPI to secure counsel) HPI's response was due June 23, 2017. Doc. No. 112. Both the June 23, 2017, and July 5, 2017, deadlines passed with no indication from HPI that it intended to comply with either deadline.

Finally, on July 17, 2017, HPI's substitute counsel appeared. Doc. No. 117. HPI filed the instant motion on July 19, 2017. Doc. No. 118.

---

[1] Alternatively, the Court invited Traxxas to file a motion to strike the answer and proceed by default if HPI has failed to comply with discovery obligations necessary to resolve any genuine issues of fact. Doc. No. 110.

**III.     APPLICABLE LAW**

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, when an act may or must be done within a specified time, and when that time has expired, the court may, for good cause, extend the time "if the party failed to act because of excusable neglect." Relevant factors to the excusable neglect inquiry include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006), *citing Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980); *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395-97 (1993).

**IV.     ARGUMENT**

HPI's sole explanation for its failure to comply with the Court's deadlines consists of a single sentence: "The delay was caused by the difficulty of HPI to secure counsel." Doc. No. 118 at 2. In view of both HPI's failure to comply with Court deadlines and its lack of any explanation for failing to secure counsel for almost nine months, each of the four factors weighs against a finding of good cause.

First, the danger of prejudice to Traxxas is self-evident: Traxxas' Motion—which required significant resources to bring—was brought precisely because of HPI's neglect in failing to meaningfully participate in the litigation for nine months and in failing to procure substitute counsel after its previous counsel withdrew. *See* Doc. No. 110 (denying Traxxas' motion for a new schedule and trial date but inviting a motion for summary judgment). If HPI's motion is granted, Traxxas' long-awaited adjudication on the merits will be delayed yet again pending briefing on Traxxas' Motion, which will require further resources. Further, it appears from HPI's

motion that HPI intends—despite contending in its Counterclaim that "Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b)"—to file a motion to transfer venue under 28 U.S.C. § 1406 in light of *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). *Compare* Doc. No. 50 at 5 *with* Doc. No. 118 at 1. HPI has thus shifted from a "stick-its-head-in-the-sand" approach to filing dilatory motions that are already waived, and the Court should not reward HPI's tactics with a "do-over" at Traxxas' expense.

Concerning the second factor, granting HPI's motion would result in a six-week extension of time to respond to Traxxas' Motion, compounding the delays already caused by HPI's delinquency in failing to procure substitute counsel over nine months ago. This Court has previously denied—with affirmance by the Fifth Circuit—a motion for extension of time to respond to a motion for summary judgment where the motion for extension of time was filed within five days of the deadline, let alone the three weeks' tardiness in this case. *Compare, e.g., Buckley v. Donohue Indus. Inc.*, 100 Fed. App'x 275, 278 (5th Cir. 2004); *see also Draper v. KK Ford, LP*, 196 Fed. App'x 264, 265-66 (5th Cir. 2006) (affirming N.D. Tex. denial of motion for extension of time to file response to motion for summary judgment where motion for extension of time was filed five days after deadline for response).

Third—and perhaps most importantly—the only reason HPI provides for the delay is "the difficulty of HPI to secure counsel." Doc. 118 at 2. But, HPI had more than eight months after its previous counsel withdrew and five months after the Court (precisely because HPI did not have counsel) declined to set a new trial date to retain substitute counsel, and it failed to do so. Instead, HPI stood idly by, even failing to secure counsel within the 21 days allotted by the Court. This delay was *entirely* within the control of HPI, as evidenced by HPI's ultimate choice and ability to retain new counsel.

HPI's failure to participate in this case and its broad-brush excuse for missing Court deadlines both demonstrate its lack of good faith. While Traxxas made every effort to engage HPI through its motion for a new trial, motion for order to retain counsel, and motion for summary judgment, HPI did nothing until after all those deadlines had passed. The Court should not allow HPI to continue its delay tactics by tardily bringing in new counsel and responding to a motion that was brought almost two months ago.

## V. CONCLUSION

HPI's neglect in failing to timely secure counsel and respond to Traxxas' motion is inexcusable, especially in view of its paltry attempt to justify the delay. For the reasons set forth herein, Traxxas respectfully prays that the Court deny HPI's motion and for all further relief to which Traxxas is justly entitled.

Dated: August 2, 2017

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas LP*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this August 2, 2017, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

                                          /s/ William E. Davis, III
                                          William E. Davis, III